**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0024-20

VALERIE KONEFAL,

    Plaintiff-Appellant,

v.

HOWARD LANDAU,
EILEEN LANDAU a/k/a
MARIE LANDAU, an
incapacitated person, and
EILEEN LANDAU BY HER
COURT APPOINTED GUARDIAN,
DENISE BLIND,

    Defendants-Respondents.

_____

Argued October 18, 2021 – Decided November 4, 2021

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0407-17.

Anthony Joseph D'Artiglio argued the cause for appellant (Ansell Grimm & Aaron, PC, attorneys; Joshua S. Bauchner and Anthony Joseph D'Artiglio, on the briefs).

Ronald P. Groseibl argued the cause for respondent Howard Landau.

PER CURIAM

This estate litigation matter returns to us following a limited remand. See Konefal v. Landau, No. A-2781-18 (App. Div. May 13, 2020) (slip op. at 5). We remanded the matter to the trial judge for more specific findings in support of an award of attorney's fees. Ibid.

Following the remand, plaintiff Valerie Konefel appeals from a July 21, 2020 order awarding counsel fees against her and in favor of defendant Howard Landau[1] in the amount of $39,391.60.[2] We affirm.

We presume the parties are familiar with the facts. We incorporate the facts from our prior unpublished decision.

On appeal, plaintiff argues the following: she was denied due process; defendant's Rule 1:4-8 notice was deficient; the "[t]rial [c]ourt abdicated its role as an impartial fact finder"; her complaint was not frivolous; and the awarded attorney's fees are excessive. We disagree.

---

[1] We refer to Howard Landau as defendant because his wife, Eileen Landau, is legally incapacitated and not participating in this appeal.

[2] The remand judge vacated her earlier determination awarding attorney's fees against plaintiff's counsel and his law firm. Plaintiff is not appealing from that portion of the July 21, 2020 order.

A-0024-20

Many of plaintiff's arguments in this appeal could, and should, have been addressed in her original appeal. Nowhere in our May 13, 2020 opinion did we direct the remand judge to examine issues other than the award of attorney's fees. We do not consider issues asserted beyond the scope of our remand instructions. See Henebema v. Raddi, 452 N.J. Super. 438, 450-51 (App. Div. 2017) ("It is well-known that a 'trial court is under a peremptory duty to obey in the particular case the mandate of the appellate court precisely as it is written.'") (citing Flanigan v. McFeely, 20 N.J. 414, 420 (1956)). Nor did we compel the trial judge to conduct a separate hearing on the attorney fee issue, reexamine issues previously resolved, or address issues not raised in plaintiff's initial appeal. We expressly instructed the trial judge to set "forth her specific findings as to each element of [defendant]'s claim for fees under Rule 1:4-8 and N.J.S.A. 2A:15-59.1, and explain her reasons for awarding them . . . ." Konefal, slip op. at 5.

Based on our review of the limited issue on remand, we affirm for the comprehensive reasons provided by the remand judge in her written decision accompanying the July 21, 2020 order. We add only the following comments.

On remand, we instructed the judge to analyze the sufficiency of defendant's written demand that plaintiff withdraw her complaint under Rule

1:4-8.  Id. at 4.  The moving party is required to serve the opposing party with written notice and a demand "describ[ing] the specific conduct alleged to have violated [Rule 1:4-8]."  R. 1:4-8(b)(1).

Here, defendant's Rule 1:4-8 letter, served during the early stages of plaintiff's case, identified nine reasons why the claims in plaintiff's complaint lacked merit, constituted a frivolous pleading, and were filed in bad faith.  In her July 21, 2020 written decision, the judge thoroughly examined plaintiff's claims, reviewed plaintiff's conduct, and explained the reasons for finding plaintiff filed her pleading in bad faith.  Having reviewed the record, we are satisfied the judge complied with our remand instruction when she found plaintiff's complaint was filed in bad faith.

We next review the remand judge's award of attorney's fees.  A trial court's award of attorney's fees is disturbed only upon a clear abuse of discretion.  J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012).  "Although New Jersey generally disfavors the shifting of attorney fees, a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract."[3]

---

[3] Defendant sought attorney's fees under N.J.S.A. 2A:15-59.1 and Rule 1:4-8. Under the rule, a court may award attorney's fees but must "describe the conduct determined to be a violation of this rule and explain the basis for the sanction imposed." R. 1:4-8(d).

A-0024-20

<u>Packard-Bamberger & Co. v. Collier</u>, 167 N.J. 427, 440 (2001).  Our review of an award of attorney's fees is deferential, <u>id.</u> at 444, and "fee determinations by trial courts will be disturbed only on the rarest occasions."  <u>Rendine v. Pantzer</u>, 141 N.J. 292, 317 (1995).

Here, the judge faithfully followed our instructions on remand in awarding attorney's fees to defendant.  The judge painstakingly detailed her reasons for finding plaintiff's claims were filed in bad faith.  The judge also considered the factors under the Rules of Professional Conduct 1.5(a) in calculating the amount of the attorney's fees awarded to defendant and against plaintiff.  Given the contentious nature of this litigation, the amount of the attorney's fees awarded was eminently reasonable and relatively conservative.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0024-20